**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**ROOSEVELT HANNAH,**

    **Plaintiff,**

vs.                                                                  CASE NO. 4:22-CV-260-MW-MAF

**DAWN MYERS,**
**et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Roosevelt Hannah, a prisoner proceeding *pro se* but not *in forma pauperis*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. ECF No. 1. Before the Court is Plaintiff's second amended complaint, ECF No. 11, received on October 24, 2022, while a Report (ECF No. 10) recommending dismissal remained pending. The Court construed Plaintiff's filing liberally. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Generally, "an amended pleading supersedes the original pleading; the original pleading is abandoned by the amendment and is no longer part of the plaintiff's averments against the defendant." Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007). Plaintiff's second

amended complaint is now the operative complaint. Therefore, the pending Report and Recommendation, ECF No. 10, shall be **VACATED**. After careful consideration, it remains that the operative complaint is legally insufficient; and the case should be dismissed. A brief discussion of the procedural history of this case is warranted.

I. **Procedural History**

On June 6, 2022, Plaintiff initiated this case with a handwritten letter, which the Court construed as an attempt to file an action pursuant to Section 1983. ECF No. 1.[1] The Court ordered Plaintiff to amend his pleading and to file his complaint on the proper form. ECF No. 5. Plaintiff also filed a motion to proceed *in forma pauperis* (IFP) without a completed affidavit; he did not include a certified copy of his inmate account statement. ECF No. 7. The Court denied the IFP motion without prejudice and ordered Plaintiff to refile the IFP application packet or, alternatively, pay the $402 filing fee by September 26, 2022. ECF No. 8.

Plaintiff filed a first amended complaint, which remained legally insufficient. ECF No. 6. The Court issued a second order, identified the deficiencies, and directed Plaintiff to amend by October 14, 2022. ECF No. 9.

---

[1] The United States District Court for the Middle District of Florida transferred this case to the Northern District of Florida.

In this second order, the Court reminded Plaintiff to pay the fee or refile the IFP application by the deadline. Id.

By October 18, 2022, Plaintiff had not complied with the second order; so, the undersigned issued a Report recommending this case be dismissed for failure to comply with court orders and because the amended complaint remained a shotgun pleading, defendants were entitled immunity, and certain claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 10. As of the date of the drafting of this second Report, Plaintiff, still, has not paid the fee and did not file a proper IFP application.

The Court received Plaintiff's second amended complaint, ECF No. 11, which, according to the prison stamp, Plaintiff filed on October 13, 2022.[2] Because Plaintiff filed the amended complaint before the Court's October 14th deadline, it warrants consideration and is subject to screening. The operative complaint remains deficient. As of the date of the drafting of this Report, Plaintiff has not complied with the Court's orders.

I. **Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint

must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Second Amended Complaint, ECF No. 11.

As a preliminary matter, Plaintiff's complaint does not contain the requisite signature block; it is unsigned. ECF No. 11. See N.D. Fla. Loc. R. 5.1(E).[3] Plaintiff sues Andrew Warren and Dawn Myers solely in their official capacities. ECF No. 11, pp. 2-3. Warren and Myers are former state prosecutors from the Thirteenth Judicial Circuit, in Tampa, Florida.[4] As best

---

[3] The Local Rule provides, in part, "A document filed by a *pro se* party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one."

[4] Plaintiff filed the first amended complaint on August 19, 2022. ECF No. 6. Earlier, on August 4, 2022, Governor Ron DeSantis removed Mr. Warren from office. News of the suspension was posted on the official website for the Florida Governor's Office, "Governor Ron DeSantis Suspends State Attorney Andrew Warren for Refusing to Enforce Florida Law," https://www.flgov.com/2022/08/04/governor-ron-desantis-suspends-state-attorney-andrew-warren-for-refusing-to-enforce-florida-law/. Accessed: 9/27/2022.

Ms. Myers is currently in private practice in Brandon, Florida. See the Florida Bar Lawyer Directory at the following URL: https://www.floridabar.org/directories/find-mbr/?lName=Myers&fName=Dawn+&sdx=N&eligible=N&deceased=N&pageNumber=1&pageSize=10. Accessed: 9/27/2022.

Case No. 4:22-cv-260-AW-MAF

can be determined, Plaintiff alleges that he has been the target of gang violence by fellow inmates since 2010, when he began cooperating with the prosecutors as a witness to a murder. Id., pp. 5-7. Plaintiff was housed at Columbia Correctional Institution at the time. Id. Plaintiff alleges that Myers left him to die in the prison. Id. According to Plaintiff, he expected to be placed in a witness protection program, but that never materialized. Id.

In February 2022, a gang member attacked Plaintiff in the bathroom area at Wakulla Correctional institution and cut him on the neck. Id., p. 7. Plaintiff was seen by medical. Id. Plaintiff suffered another attack at Century Correctional Institution on September 23, 2022, when Inmate Aaron Watts stabbed him in the head and neck. Id. The only facts attributable to Defendants, in the complaint, are (1) both defendants put out a hit on him and (2) they did not place him in a witness protection program to protect him. Id., pp. 5-8.

Plaintiff makes no request for relief against any named defendant although he says he "is not safe in prison, damages has cause [sic] Hannah [$]85,000." Id., p. 9. The Court previously advised Plaintiff that he must submit his complaint on the proper form; however, some pages are missing. Specifically, the proper form contains a "Certification" section (Section IX(1)), which states:

> *I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.*

Plaintiff thoroughly eliminated this certification from his complaint; and there is no signature page. ECF No. 11. Instead, Plaintiff attached one of his grievances relating to the attack by Inmate Watts and a copy of the Court's order to amend (ECF 9). Id., pp. 13-23.

*Pro se* litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v. Sasser, 309 F. 3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

### III. Discussion

A. Failure to Follow Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs.,

Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

The undersigned gave Plaintiff the opportunity to correct the deficiencies found in his filing, to submit a proper IFP application, and to pay the filing fee. ECF Nos. 8, 9. Plaintiff has ignored the court orders. Defiance to the Court's orders need not be tolerated. Id. The Court advised Plaintiff that failure to follow Court orders would result in a recommendation of dismissal. Id. Dismissal is also appropriate for the reasons set forth below.

B. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be

simple, concise, and direct,' Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Plaintiff's complaint is the quintessential shotgun pleading. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff brings forward claims against two former state prosecutors but provides no set of facts for any acts or omissions attributable to them that amount to a constitutional violation. Plaintiff blames Myers for "leaving him to die," but, other than stating that he was not placed in a witness protection program, he does not make a claim for a constitutional violation. Plaintiff attributes no facts at all to Warren. Plaintiff's allegations that Warren and Myers "put a hit" on him are unsupported. There are no facts tying Defendants to the prison assaults. Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010) (concluding there is no

"heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient.

Aside from the vague conclusions, the statute of limitations bars some of Plaintiff's claims. The statute of limitations period for Section 1983 claims arising in Florida is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(j). Federal courts must apply state law in determining the statute of limitations applicable to a Section 1983 action. "[T]he limitations period begins to run when the 'facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.'" Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (citing Fla. Stat. § 95.031(2)(a) (2019)). Accordingly, relief for incidents that occurred in 2010 are unavailable. Plaintiff alleged no facts that might toll the statute of limitations.

Lastly, Plaintiff did not set forth a request for relief or remedy from the Court. Although a plaintiff would ordinarily be granted leave to amend, the Court already granted Plaintiff liberal opportunity to amend. Still, an amendment would be futile.

C. <u>Defendants Are Entitled to Immunity</u>

Section 1983 provides a federal cause of action against any person who, acting under the color of state law, deprives a person of a federal right. 42 U.S.C. § 1983. It "basically seeks to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide related relief." <u>Richardson v. McKnight</u>, 521 U.S. 399, 403 (1997) (internal quotation marks and emphasis omitted). But "immunity frees one who enjoys it from a lawsuit whether or not he acted wrongly." <u>Id.</u>

States and state officials sued in official capacities are not "persons" subject to Section 1983 liability for damages. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Moreover, the State of Florida and its officials sued in their official capacities are absolutely immune from Section 1983 liability for damages. <u>Gamble v. Fla. Dep't of Health & Rehab. Servs.</u>, 779 F.2d 1509, 1511-13 (11th Cir. 1986).

Similarly, Plaintiff is not entitled to relief against defendants because, in their prosecutorial roles with the "State Attorney's Office," they are protected by prosecutorial immunity under Section 1983. See <u>Rolle v. Dilmore</u>, Case No. 4:14-cv-339-RH-CAS Doc. 12, 2014 U.S. Dist. LEXIS 168326, *3 (citing <u>Seminole Tribe of Fla. v. Fla.</u>, 517 U.S. 44 (1996). Dismissal is appropriate.

D. <u>Placement in a Witness Protection Program</u>

It is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. <u>Smith v. Crews</u>, 738 F. App'x 981, 984 (11th Cir. 2018) (<u>citing</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 223-24 (1976)); <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 (1976). Plaintiff has not cited to any other case- or statutory authority (and the Court is not aware of any) that places an obligation on a state prosecutor to place a cooperating witness into a witness protection program. The Court has no authority to place Plaintiff in a witness protection program.

This Court is not unsympathetic to the violence Plaintiff alleges he suffered during his incarceration at various institutions. However, if Plaintiff seeks relief, he may initiate a separate action by filing a legally sufficient complaint that sues the proper defendants within the statute of limitations after the exhaustion of his administrative remedies. A new complaint will be subject to a new case number and a separate filing fee.

IV. **Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 11, be **DISMISSED** with prejudice because it is an

impermissible shotgun pleading; and it is otherwise futile to amend because it fails to state a claim against Defendants. This complaint should also be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") Finally, it is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Report and Recommendation supersedes the undersigned's prior Report. Accordingly, the Clerk is directed to **VACATE** the earlier Report and Recommendation, ECF No. 10.

IN CHAMBERS at Tallahassee, Florida on October 26, 2022.

                                              <u>s/ Martin A. Fitzpatrick</u>
                                              **MARTIN A. FITZPATRICK**
                                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).